In the Matter of the Application for the DISCIPLINE OF Peter J. RUFFE-NACH, III, an Attorney at Law of the State of Minnesota.

No. C8–85–931.

Supreme Court of Minnesota.

June 12, 1985.

**ORDER**

The above entitled matter comes before this court upon the stipulation of the parties which provides as follows:

WHEREAS, respondent has concluded it is in his best interest to enter into this stipulation,

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the undersigned as follows:

1. Respondent understands he has the right to have charges of unprofessional conduct against him heard by a Lawyers Professional Responsibility Board Panel prior to the filing of a petition for disciplinary action, as set forth in the Rules on Lawyers Professional Responsibility (RLPR). Pursuant to Rule 10(a), RLPR, the parties agree to dispense with panel proceedings under Rule 9, RLPR, and respondent agrees to the immediate filing of the attached petition for disciplinary action, hereinafter petition, in the Minnesota Supreme Court.

2. Respondent understands that upon the filing of this stipulation and the petition this matter will be of public record.

3. Respondent understands he has certain rights pursuant to Rule 14, RLPR. Respondent waives these rights, which include the right to a hearing before a referee on the petition; to have the referee make findings and conclusions and a recommended disposition; to contest such findings and conclusions; and to a hearing before the supreme court upon the record, briefs and arguments. Respondent hereby admits service of the petition.

4. Respondent waives his right to answer and unconditionally admits the allegations of the petition which may be summarized as follows:

a. Respondent's prior disciplinary history is as follows: a February 27, 1980, warning from the Director, and a June 30, 1978, warning from the Director for improper and misleading direct mail communications, violating DR 1–102(A)(4), DR 2–101(A) and DR 2–101(B)(2), Minnesota Code of Professional Responsibility (MCPR). *See* Petition Count I.

b. Respondent notarized a contract for deed, and mortgage deed as having been acknowledged on December 1, 1983, when in fact they were executed and acknowledged before him on January 13, 1984. Respondent's conduct violated DR 1–102(A)(4), (5) and (6), MCPR. *See* Petition Count II.

5. Respondent understands that based upon these admissions, this court may impose any of the sanctions set forth in Rule 15(a)(1)–(6), RLPR, including making any disposition it deems appropriate. Respondent understands that by entering into this stipulation, the Director is not making any representations as to the sanction the court will impose.

6. The Director and respondent join in recommending that the appropriate discipline is a public reprimand and two years probation pursuant to Rule 15, RLPR. Respondent agrees to the imposition and payment of $500 in costs pursuant to Rule 24(a), RLPR. The probation would be subject to the following conditions:

a. Respondent shall abide by the MCPR or such other rules governing attorney conduct as the supreme court may promulgate. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct which have or may come to the Director's attention. Either respondent's admission or a referee finding of further unprofessional conduct shall constitute conclusive evidence of a breach of this stipulation.

b. Respondent shall cooperate fully with the Director's office in their ef-

forts to monitor compliance with this stay and in any investigations of further unprofessional conduct which may arise during the probation.

7. This stipulation is entered into by respondent freely and voluntarily, without any coercion, duress or representations by any person except as contained herein.

8. Respondent hereby acknowledges receipt of a copy of this stipulation.

9. Respondent has been advised of his right to be represented herein by an attorney but has freely chosen to appear *pro se.*

Based upon the records, files and proceedings herein, and the stipulation of the parties,

IT IS HEREBY ORDERED:

1. Respondent Peter J. Ruffenach, III is publicly reprimanded pursuant to Rule 15, Minn.R.Law.Prof.Resp.

2. Respondent Peter J. Ruffenach, III is placed on probation for a period of two years from the date of this order upon the following terms and conditions:

a. Respondent shall abide by the Minnesota Code of Professional Responsibility or such other rules governing attorney conduct as this court may promulgate. Respondent shall cooperate with the Director of Lawyers Professional Responsibility's investigation of any allegations of unprofessional conduct which have or may come to the Director's attention. Either respondent's admission or a referee finding of further unprofessional conduct shall constitute conclusive evidence of a breach of this order.

b. Respondent shall cooperate fully with the Director's office in their efforts to monitor compliance with this stay and in any investigations of further unprofessional conduct which may arise during the probation.

3. Respondent shall pay to the Minnesota Lawyers Professional Responsibility Board $500 in costs pursuant to Rule 24, Minn.R.Law.Prof.Resp.