In re Petition for DISCIPLINARY ACTION AGAINST Peter J. RUFFENACH, III, an Attorney at Law of the State of Minnesota.

No. C8–85–931.

Supreme Court of Minnesota.

June 19, 1992.

William J. Wernz, Director of Lawyers Professional Responsibility Bd., Thomas C. Vasaly, First Asst. Director, St. Paul, for appellant.

Peter J. Ruffenach, III, pro se.

PER CURIAM.

·Respondent Peter J. Ruffenach, III, is before this court on a petition for discipline filed by the Director of the Office of Lawyers Professional Responsibility ("director"). The petition alleges that respondent intentionally failed to pay a malpractice judgment against him in conciliation court and subsequently made false and misleading entries on two financial disclosure forms in violation of the Rules of Professional Conduct. This court appointed John S. Gowan, district court judge of the third judicial district, as referee. The referee conducted a hearing and issued Findings of Fact, Conclusions of Law, and Recommendations for Discipline.

Respondent is a sole practitioner who specializes almost exclusively in real estate matters. In 1982, he drafted two quit claim deeds deeding property to two clients. The clients later discovered a lien on the property and asked respondent to pay the costs of clearing title. He refused, believing that he had not been responsible for the problem with the title. In 1987, the former clients sued respondent for mal-

practice in Hennepin County Conciliation Court, seeking $1000.

Respondent was served with the summons and complaint but chose not to appear. He testified at the referee hearing that he felt angry at the clients' ingratitude for the work he had done for them and that the size of the claim was not worth the time or trouble of appearing in court to contest it. A default judgment of $1006 was entered against respondent who neither appealed nor moved to vacate the judgment. The judgment was docketed in August 1987.

Respondent refused to pay the judgment. In October 1987, and again in April 1990, the conciliation court ordered respondent to complete and return to the judgment creditors (his former clients) a financial disclosure form telling the creditors what money and property respondent had to pay the judgment. Respondent returned the forms but substantially underreported his income. He also failed to disclose or affirmatively denied the existence of an investment account owned jointly with his wife; the existence of his incorporated law practice; an automobile and two investment accounts owned by his corporation; his interest in a contract for deed; his equitable interest in the family home; and a boat and some horses. On the 1990 form, he reported the existence of an account that held approximately $341,000, but claimed on the form that it was exempt as proceeds from the sale of his homestead within the past year. The clients apparently never moved to attach any of the assets respondent did disclose. Respondent eventually paid the judgment, plus interest, in April 1991, the month after this disciplinary petition was filed.

At the referee hearing, respondent offered several defenses but argued, for the most part, that his misconduct was the result of good faith error rather than dishonest intent. The referee found that respondent owed a valid, law-related debt in the form of a conciliation court malpractice judgment which he had refused to pay for over 3½ years. The referee also found that several of respondent's financial disclosures and non-disclosures concerning his salary and various assets on the court ordered financial disclosure forms were false and misleading and that one of respondent's claimed exemptions was frivolous. The referee concluded that respondent's conduct violated the Minnesota Rules of Professional Conduct, including but not necessarily limited to Rules 3.1, 8.4(c) and 8.4(d).

Respondent ordered a transcript of the hearing so that the referee's findings are not conclusive. R. on Law.Pro.Resp. 14(e). Respondent specifically disputes three of the referee's findings: a) that he owned a legal interest in the family homestead in Annandale in 1987; b) that he falsely and frivolously asserted that the proceeds from the sale of this property were exempt; and, c) that he did not acknowledge the dishonesty of his conduct.

■ We will not set aside the findings of a referee in a disciplinary action unless they are clearly erroneous. *In re Barta,* 461 N.W.2d 382, 382 (Minn.1990). We have also "deferred to referee's findings when they rested on disputed testimony or in part on a respondent's demeanor, credibility or sincerity." *Id.*

Respondent maintains that he did not own a legal interest in the family home in 1987 because he had quit claimed his interest to his wife. There is sufficient evidence in the record to support the referee's finding that respondent retained an equitable interest in the property. Respondent was therefore required to disclose that interest but failed to do so. The referee's finding on this point is not clearly erroneous, and even if it were, the other false and misleading disclosures and non-disclosures are more than enough to warrant disciplinary action by this court.

■ Regarding the $341,000 respondent reported as being exempt, the referee found the claim to be frivolous. The referee reasoned that because respondent had bought a new homestead before he sold the old one, the proceeds from the sale of the old homestead were not exempt from judgment. Respondent argued that pursuant to Minn.Stat. § 510.07, he was permitted to

exempt the proceeds from the sale of the old homestead for one year even though he had acquired a new homestead before selling the old one.

We express no view on the merits of respondent's argument, but we do not agree with the referee that it was frivolous. Respondent's position is a plausible interpretation of the homestead exemption statute, even if it may not ultimately prevail. Respondent appears to be making a good faith argument for the extension or modification of existing law which is not frivolous. *See* Minn.R.Prof.Conduct 3.1. The referee's finding to the contrary is clearly erroneous. With this exception, there is no doubt that the facts as found by the referee are supported by clear and convincing evidence and that those facts constitute misconduct.

The question remaining is what discipline to impose. The referee and director have recommended we suspend respondent indefinitely and for a minimum of one year in light of the seriousness of the misconduct and respondent's prior disciplinary record. Respondent argues that such discipline would in practical effect be tantamount to disbarment and grossly overstates the significance of the misconduct. He argues that a 30–day suspension would be appropriate.[1]

■ While we give great weight to the recommendation of the referee, we retain final responsibility for determining the appropriate sanction. *In re Simonson*, 420 N.W.2d 903, 906 (Minn.1988). Our goal is to guard the administration of justice and to protect the courts, the legal profession, and the public, not to punish the lawyer. *Id.* And while consistency is a goal, we examine each case individually and impose the discipline we believe appropriate based on the unique circumstances of each case. *In re Gubbins*, 380 N.W.2d 810, 812 (Minn. 1986).

■ In addition to the misconduct in the present case, a lawyer's prior disciplinary history is also relevant to determining the appropriate sanction. Respondent has previously received three private and one public reprimands. Two of the private reprimands dealt with inappropriate advertising practices.[2] The third involved disclosure of a client secret. In that case, respondent sent a copy of a letter to a client in which he demanded payment of his fee to the real estate agent who had referred the client to him.

Respondent received the public reprimand in 1984 for intentionally back-dating a contract and mortgage deed for clients to make the transaction appear to have taken place approximately six weeks before it actually occurred. He was placed on two years probation. *See In re Ruffenach*, 370 N.W.2d 413, 413–14 (Minn.1985).

■ In this case, the misconduct consists of two distinct yet related violations: (1) the failure to voluntarily pay a valid judgment rendered in favor of respondent's former clients in a dispute directly related to respondent's practice of law; and (2) false and misleading information given on the financial disclosure forms. We have held that a lawyer's willful failure to pay law-related debts whose validity are not in dispute is professional misconduct and warrants discipline. *In re Pokorny*, 453 N.W.2d 345, 348 (Minn.1990). Here, the judgment was for legal malpractice,[3] a debt

---

1. Respondent also argues that the referee erred by not considering respondent's alleged alcoholism in mitigation of the sanction imposed. Respondent informed the director and the referee that he planned to raise alcoholism as a mitigating factor 9 days before he hearing. At no time, however, did respondent aver that his alcoholism caused the alleged misconduct. Without this threshold showing, the referee was correct not to consider the alcoholism in determining the appropriate sanction to recommend to this court. *See In re Johnson*, 322 N.W.2d 616, 618–19 (Minn.1982).

2. The disciplinary rule underlying the first reprimand, dealing with direct mail solicitation of clients, however, was similar to the rule held unconstitutional by the United States Supreme Court in *Shapero v. Kentucky Bar Ass'n.*, 486 U.S. 466, 108 S.Ct. 1916, 100 L.Ed.2d 475 (1988).

3. Respondent has hinted throughout this proceeding that he does not believe he committed malpractice in regards to the quit claim deeds. He may be correct. However, he waived that argument when he chose to accept a default judgment in the conciliation court and we treat the judgment as valid.

even more closely related to respondent's professional conduct than the office machine bill the respondent in *Pokorny* ignored. In *Pokorny*, we suspended the respondent indefinitely with no minimum term but made payment of the debt and passing the professional responsibility examination conditions of reinstatement. *Id.* at 348–49. Here respondent has paid the judgment, but we must also consider his subsequent false and misleading statements on the financial disclosure forms and his prior disciplinary history.

■ Honesty and integrity are chief among the virtues the public has a right to expect of lawyers. Any breach of that trust is misconduct of the highest order and warrants severe discipline. *See In re Schmidt*, 402 N.W.2d 544, 548 (Minn.1987). Respondent's false and misleading disclosures, made intentionally and twice within three years, is evidence that he does not sufficiently appreciate the importance of these values. Respondent did not seek to profit financially from his misleading disclosures, however. The assets he did disclose were sufficient to permit the judgment creditors to attach them to collect the judgment. Although he misreported his income and affirmatively denied owning certain personal property that should have been reported, the essential character of respondent's misconduct does not so much appear to be chicanery as a misguided stubbornness and obstinacy which led him into dishonest, false and misleading conduct. He wrongly decided for himself which of his assets might be exempt rather than listing them as a judgment debtor must and responding in court if the judgment creditor tried to attach them. This by no means excuses his conduct, but it affects the light in which we consider the appropriate sanction.

■ A suspension for any length of time is harsh, particularly for a sole practitioner like respondent who does not have other lawyers in his firm to handle his files during the suspension. *In re Holmay*, 464 N.W.2d 723, 725 (Minn.1991). In our view, a year's suspension, as recommended by the referee and director, is unduly punitive

under the circumstances of this case. We order an indefinite suspension for a minimum of 90 days. Respondent may petition for reinstatement after 90 days from the effective date of this order and, as a condition of reinstatement, must pay $750 in costs to the director pursuant to Rule 24, R. on Law.Pro.Resp. Pursuant to Rule 18, R. on Law.Pro.Resp., respondent must, also, within one year from the effective date of the suspension order, successfully complete the examination on professional responsibility required by the State Board of Law Examiners for admission to the practice of law. Failure to so complete this examination within the appointed time shall result in automatic suspension. Upon reinstatement the respondent shall be placed on probation for two years.

Because respondent is a private practitioner who will require some time to inform his clients of his suspension and because immediate suspension is not required to protect the public, we follow Recommendation 20 of the American Bar Association's *Report of the Commission on Evaluation of Disciplinary Enforcement* (May 1991) and order respondent's suspension to take effect 15 days from the date of this order.