**In re Petition for DISCIPLINARY ACTION AGAINST David T. ERICKSON, an Attorney at Law of the State of Minnesota.**

**No. C1–87–1357.**

Supreme Court of Minnesota.

Oct. 15, 1993.

Marcia A. Johnson, Director, Candice M. Hojan, Sr. Asst. Director, Office of Lawyers Professional Responsibility, for appellant.

David E. Albright, for respondent.

Heard, considered, and decided by the court en banc.

PER CURIAM.

We determine that a suspension of 60 days is appropriate in this disciplinary proceeding.

Respondent, admitted to practice in 1969, is a sole practitioner. The referee, Judge John J. Weyrens, found that respondent's conduct failed to measure up in three matters: the handling of an adoption, management of the trust account, and cooperation with the Director of the Office of Professional Responsibility.

In early 1988 respondent was retained by clients to handle a private placement adoption. He was unfamiliar with the procedure. The Commissioner of Human Services was not notified within 30 days after the child was received in the home of the clients intending to adopt, as required by statute. The 1989 and 1990 personal well-being reports were filed late. And while both birth parents signed the adoption consent forms, the consents were not witnessed as required by statute. There were complications in connection with the home study and the investigation by the authorities, yet from November 20, 1990, to March 9, 1991, the clients were unable to reach respondent. The referee concluded that respondent had violated MRPC, Rules 1.1 (competent representa-

tion), 1.3 (diligence in representation), and 1.4 (communication with clients).

In February 1992 Norwest Bank notified the Director that respondent's trust account was overdrawn. The referee found that the trust account records were incomplete; that client subsidiary ledgers for several clients had not been timely established; and that on occasion the trust account had contained both client and personal funds, because respondent had not promptly withdrawn earned fees. In three instances, when there were no client funds in the trust account, only earned fees, respondent wrote checks on the account for filing fees, thus using the trust account as a personal business account. Yet in his annual attorney registration statements, respondent certified that he was maintaining the required trust account books and records. The referee determined that this conduct violated MRPC, Rule 1.15 (safekeeping of client property).

Finally, the Director mailed respondent some seven letters (one was incorrectly addressed) requesting information and certain books and records. Only after repeated requests did respondent reply to the Director's inquiries. The referee found violations of Rule 8.1(a)(3), MRPC, and Rule 25, Rules on Lawyers Professional Responsibility.

The referee recommends a 6-month suspension. We think something less is appropriate. The trust account problems cannot be ignored, but, as the referee found, respondent did not profit or seek to profit in any way from these irregularities. Client funds in the trust account were not commingled, except in the sense that earned fees were not promptly withdrawn. The mismanaged adoption matter caused delay, worry and frustration to the clients and deserves discipline, and the noncooperation with the Director's office cannot be overlooked. In November 1987, we might add, respondent was suspended for 30 days and placed on 4 years' unsupervised probation for failure to file timely state and federal tax returns.

We are impressed by the fact that respondent has practiced law for 24 years without any other complaints about his services. It was his mistake to undertake a matter which he was ill-equipped to handle, and he admits

he did wrong. Except for this incident, it appears he has served the clients in his general practice in a satisfactory manner and within the measure of his competence. With advice and help from an accountant, he should be able to remedy the deficiencies in his books, records, and accounts.

■ The purpose of discipline is not to punish. Every case is different, but this case is somewhat like *In re Ruffenach*, 486 N.W.2d 387 (Minn.1992) (90–day suspension ordered for a sole practitioner rather than the referee's recommended 1–year suspension). We think a 60–day suspension is sufficient, to begin 10 days from the date of this opinion. We see no need for a reinstatement hearing, nor for taking the professional responsibility examination. Respondent may be reinstated to the practice of law on affidavit, which shall include evidence that he has engaged an accountant to put his books and records in order and to provide appropriate accounting oversight. Following reinstatement, respondent shall be placed on 2 years' supervised probation. Respondent shall pay costs and disbursements.

So ordered.