In re the Petition for DISCIPLINARY ACTION AGAINST Robert MUNNS, an Attorney at Law of the State of Minnesota.

No. C8–87–691.

Supreme Court of Minnesota.

July 18, 1990.

## ORDER

On August 12, 1988, 427 N.W.2d 670, this court suspended respondent Robert Munns for failure to timely file state and federal tax returns. In its order, this court ordered a 2 year suspension, but stayed execution of all but 30 days of the suspension, subject to certain enumerated conditions. In February of this year, the Director filed a petition for revocation of the stay of respondent's suspension and for further disciplinary action. The Director alleges that respondent has not complied with the conditions of the stay of respondent's suspension and that the respondent

failed to timely file his 1988 state and federal tax returns.

In the petition, the Director specifically alleges the following: that the respondent failed to file his 1988 state tax return; that respondent failed to report to, the Director that he had filed his 1988 federal tax return; that the respondent failed to furnish the Director with a copy of a written repayment agreement with· the Minnesota Department of Revenue; that the respondent has failed to make a payment on his outstanding state tax liability since May 1988; and that the respondent failed to report to the Director that he is current and in compliance with his repayment agreement with the Internal Revenue Service. In addition, the Director alleges that the respondent has failed to cooperate with the Director's attempts to investigate this matter.

Upon receipt of the respondent's answer to the petition, this court assigned this matter to a referee. On June 1, 1990, during a hearing before the referee, respondent entered into a stipulation for discipline with the Director and the referee subsequently adopted the terms of the stipulation. In the stipulation, the respondent unconditionally admitted that he had engaged in conduct which violated three conditions of the stay of his suspension and which violated Rules 3.4(c), 8.1(a)(3) and 8.4(d) of the Minnesota Rules of Professional Conduct. In mitigation, the respondent states, and the Director acknowledges, that the respondent's family suffered traumatic experiences in the fall of 1989 when members of the respondent's family became the victims of certain cruel criminal actions and, in addition, that the respondent suffered from significant health problems. The referee found that these incidents constituted extreme extenuating circumstances and contributed to the respondent's noncooperation and failure to timely file his 1988 tax returns.

The respondent joined with the Director in recommending that appropriate discipline pursuant to Rule 15, Rules on Lawyers Professional Responsibility, is indefinite probation. The respondent further agreed to the imposition and payment of $750 in costs pursuant to Rule 24, Rules on Lawyers Professional Responsibility. The referee concurred with the recommendation of the parties and adopted the additional conditions of the stipulation when making his recommendation to this court.

The Court, having considered all of the facts and circumstances surrounding this matter, the petition of the Director, and the stipulation of the parties, NOW ORDERS:

1. That the respondent, Robert Munns, hereby is placed on indefinite probation, with a minimum of 4 years of supervised probation, pursuant to Rule 15 of the Rules on Lawyers Professional Responsibility.

2. That the respondent shall cooperate fully with the Director's Office in its efforts to monitor the respondent's compliance with this probation. The respondent shall respond promptly to any correspondence from the Director's Office by its stated due date or within 10 days of the date of the correspondence. The respondent shall cooperate with the investigation by the Director's Office of any allegations of unprofessional conduct against the respondent which may come to the Director's attention. Upon the Director's request, the respondent shall provide authorization for release of information and other requested information and documentation to verify the respondent's compliance with the terms of this probation.

3. That the respondent shall abide by the Minnesota Rules of Professional Conduct. The respondent's admission or a referee's finding of further unprofessional conduct, or the respondent's noncooperation with the Director or respondent's probation supervisor, shall constitute conclusive evidence of a breach of this probation.

4. That the respondent successfully shall complete the professional responsibility portion of the bar examination within one year of the date of this order.

5. That the respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor respondent's compliance with the terms of this probation. The respondent shall provide the Director with four names of attorneys who have agreed to be nominated as the

respondent's supervisor. If, after diligent effort, the respondent is unable to locate a supervisor acceptable to the Director, the Director will appoint a supervisor.

6. That the respondent shall cooperate fully with the supervisor's efforts to monitor the respondent's compliance with this probation. The respondent agrees to contact the supervisor and set up a minimum of one in-person meeting per quarter to review the status of all legal matters handled by the respondent and agrees to submit to the supervisor an inventory and status report on all open client files by the first day of each month during the probation.

7. That, until a supervisor has signed a consent to supervise, the respondent shall provide the Director with an inventory of all active client files on the first day of each month during the probation. The inventory shall include at least the following information: client name, type of matter, date the respondent opened the file, most recent activity on the file, next anticipated action on the file, and anticipated closing date. The respondent shall make active client files available to the Director upon request.

8. That, if the supervisor reports that the respondent has complied with all of the terms of this probation after the respondent has completed 2 years of supervised probation, and if the Director has no evidence to the contrary, and if the supervisor recommends that the supervision be terminated, the respondent's supervision shall be terminated and the respondent's probation shall continue unsupervised.

9. That the respondent shall timely file all state and federal tax returns, including individual and employer withholding returns. For each year that this probation is in effect, the respondent shall report to the Director, without written request or reminder, on or before the date due, that the respondent has complied with state and federal tax filing requirements. If the respondent seeks an extension of time to file state or federal tax returns, the respondent shall provide the Director with a copy of all applications for extensions of time to file,

as well as copies of all approvals granted by the tax authorities. The respondent also shall provide the Director with a copy of the respondent's tax returns when filed, and all correspondence with tax authorities.

10. That the respondent shall meet promptly with the Internal Revenue Service (IRS) and Minnesota Department of Revenue (DOR) and negotiate payment agreements for the respondent's past due tax liabilities. Until payment plans are signed, the respondent shall provide the Director with a report, on the first day of each month, of all of the respondent's communications with the IRS and DOR, thereby showing the respondent's efforts to resolve past tax liabilities and the respondent's good faith effort to comply with this probation.

11. That, upon execution of payment agreements with the IRS and DOR for his past due tax liabilities, the respondent shall comply with the terms of the payment plans until he fully has paid all past due tax liabilities. The respondent shall provide the Director with copies of IRS and DOR payment plans and shall report at least quarterly on his compliance with the plans by providing copies of the timely payments and any correspondence with the IRS and DOR. The respondent shall provide the Director with the name, address and telephone number of the state and federal agents with whom the respondent is working. Each payment agreement, at a minimum, shall show good faith progress in reducing the respondent's outstanding state and federal tax liabilities.

12. That, if the respondent fails to complete the conditions as stated in paragraphs 5, 9, 10, and 11 of this order, respondent may be suspended immediately from the practice of law until he has complied with each of those conditions. Violation of any of the terms of this order by the respondent may result in the filing of a petition for further discipline in this court.

13. That the respondent may petition this court for termination of this probation at any time after 4 years from the date of this order.

14. That the respondent shall pay to the Director the sum of $750 in costs and disbursements pursuant to Rule 24, Rules on Lawyers Professional Responsibility.