**In re Petition for DISCIPLINARY ACTION AGAINST Robert MUNNS, an Attorney at Law of the State of Minnesota.**

No. C8–87–691.

Supreme Court of Minnesota.

Oct. 4, 1991.

William J. Wernz, Director of the Office of Lawyers Professional Responsibility, Betty M. Shaw, Senior Asst. Director, St. Paul, for appellant.

Robert Munns, pro se.

Douglas G. Sauter, Coon Rapids, for respondent.

PER CURIAM.

The present proceedings were commenced on December 24, 1990, when the

director of the Office of Lawyers Professional Responsibility filed a petition for revocation of probation and further disciplinary action against the respondent, Robert Munns. A referee appointed by this court held a hearing on the charges and, on April 9, 1991, filed findings of fact, conclusions of law, and recommendation for discipline. The referee concluded that respondent's conduct violated the probation terms set out in this court's July 18, 1990 order as well as the Minnesota Rules of Professional Conduct. He recommended that the probation granted respondent by the supreme court's order be rescinded and that respondent be suspended for 2 years (less 30 days of suspension already served).

Neither party ordered a transcript; thus, according to Rule 14(e), Rules on Lawyers Professional Responsibility (RLPR), the referee's findings of fact and conclusions are conclusive. We issued the briefing schedule on May 14, 1991, but respondent has not filed a brief. The director filed a brief on July 1, 1991. We concur in the referee's recommendations.

Robert Munns was admitted to the Minnesota bar in 1962. Respondent has received four private sanctions since 1979. In 1979, respondent was warned for neglect of a probate matter; in 1983, he was admonished for neglect and noncooperation with a disciplinary investigation; in 1985, he was admonished for neglect; and in 1989, he was admonished for making false statements to his clients and failing to pursue a legal matter or keep his clients apprised of the status of the matter.

Public disciplinary proceedings against respondent commenced on April 13, 1987, when the director filed a petition alleging that respondent failed to file state and federal individual income tax returns for the years 1981 through 1985. On August 12, 1988, the supreme court found that respondent's failure to file income tax returns for 5 years constituted serious misconduct; however, the court adopted the referee's finding that respondent's misconduct was caused by severe depression. *In re Munns*, 427 N.W.2d 670, 672 (Minn.1988) (*Munns I*). In light of these mitigating circumstances, the court suspended respondent from the practice of law for 2 years, staying all but 30 days of the suspension subject to several conditions.

The second set of public disciplinary proceedings against respondent commenced on February 21, 1990, when the director filed a petition for revocation of stay and further disciplinary action. The petition alleged that respondent failed to comply with the conditions of the August 1988 order and failed to cooperate with the director's investigation of the noncompliance. On June 1, 1990, a court-appointed referee held a hearing on the matter. Following the hearing, respondent and the director entered into a stipulation in which the respondent admitted that he had engaged in conduct which violated three conditions of the stay of his suspension and Minn.R.Prof. Conduct 3.4(c), 8.1(a)(3) and 8.4(d). The stipulation also stated several mitigating circumstances:

(1) Respondent filed his 1988 state and federal income tax returns in March 1990 and timely paid the taxes due;

(2) Respondent timely filed his 1989 state and federal tax returns and paid the taxes due; and

(3) During the fall of 1989, respondent's family suffered a traumatic criminal experience.

In his findings, the referee recognized that the traumatic experience, along with respondent's heart attack and double by-pass surgery in the spring of 1988, constituted "extreme extenuating circumstances, mitigating, but not justifying" respondent's conduct.

On July 18, 1990, we issued an order on the petition. *In re Munns*, 458 N.W.2d 100 (Minn.1990) (*Munns II*). Having considered the petition, the stipulation, and the surrounding facts and circumstances, the court ordered that respondent be placed on at least 4 years of supervised probation. The probation was subject to several conditions, the most substantial of which required respondent to cooperate with the director's office, cooperate with the supervision, and report to the director's office regarding efforts to pay past tax liabilities.

The present petition alleges three counts of misconduct: (1) noncooperation with the probation requirements provided in *Munns II;* (2) failure to comply with a client's request for an accounting; and (3) noncooperation with the disciplinary investigation into the failure to provide an accounting. Respondent filed an answer in which he denied some of the allegations, but prior to the hearing, he withdrew his answer and agreed to the facts and rule violations alleged in the petition. Another referee held a hearing on the charges and, on April 9, 1991, filed findings of fact, conclusions of law, and recommendation for discipline.

As to the first count, the referee found that:

(1) Respondent failed to cooperate fully with the director's office in its attempt to monitor compliance with the terms of probation by failing to respond to communications timely as previously ordered;

(2) Respondent failed to provide the director with an inventory of active client files before the appointment of a supervisor;

(3) Respondent failed to comply with paragraph (10) of *Munns II* by failing to furnish to the director the required tax reports;

(4) Prior to the appointment of a supervisor, respondent failed to submit a monthly file inventory as required by paragraph (6) of *Munns II;* and

(5) "Respondent failed in all respects to comply with this court's prior opinion and order relating to tax filings and liabilities and reporting status of tax matters * * *."
The referee concluded that respondent's failure to cooperate with the director's office violated the July 1990 order (*Munns II*) as well as Minn.R.Prof.Conduct 3.3(c) and 8.4(d).

As to the second and third counts, the referee found:

> Respondent was paid $1,000 by L.D. to defend L.T. on a criminal charge. Although not completely clear, apparently L.T. fired Respondent. Thereafter L.D. asked for an accounting. Respondent failed to respond to his request in any

manner and he failed to respond even after L.D. had reported the matter to the Lawyers Professional Board. * * * Respondent failed to cooperate with the District Ethics Committee in the investigation of L.D.'s request, and, later failed to furnish to the Director's office requested information concerning L.D.'s complaint.

The referee concluded that respondent's failure to account to L.D. violated the probation terms as well as Minn.R.Prof.Conduct 1.15(b)(3) and that respondent's noncooperation with the director's investigation of L.D.'s complaint violated the probation terms as well as Minn.R.Prof.Conduct 8.1(a)(3), 3.4(c) and 8.4(d).

Respondent admitted at the hearing that he had violated the terms of probation. However, respondent alleged mitigating factors. First, he claimed that his chapter 7 bankruptcy filing discharged all past due state and federal tax liabilities. Second, in the L.D. matter, he contended that he was not obligated to contact L.D. to give him an accounting of the $1,000 retainer because L.T. was his client, not L.D. Third, respondent claimed that he did, in fact, consent to supervision and that he met with the supervisor as required by the July 1990 order. Finally, respondent claimed a psychological disability.

Because we concur fully with the referee's findings, the sole issue to be decided is the appropriate sanction for respondent's misconduct.

■ The purpose of attorney discipline is not to punish the attorney, but to protect the courts, the public, and the profession and safeguard the administration of justice. *In re Flanery*, 431 N.W.2d 115, 118 (Minn.1988). In determining the appropriate sanction to impose, the court will consider the nature of the misconduct, the cumulative weight of the violations, and the harm to the public and the profession. *Id.* The court determines appropriate sanctions on a case-by-case basis by examining the specific acts of misconduct together with any aggravating or mitigating circumstances. *In re Isaacs*, 451 N.W.2d 209, 211

(Minn.1990). Prior cases are helpful in this process by way of analogy. *Id.*

The facts in this case are not disputed. The referee's findings of fact and conclusions are conclusive since neither party requested a hearing transcript. Rule 14(e), RLPR. Based on his findings and conclusions, the referee recommended that the probation granted in July 1988 be rescinded and that respondent be suspended for 2 years (less 30 days already served) in accordance with this court's opinion in *Munns I.*

The fact that respondent has had two petitions filed against him previously complicates the determination of the appropriate sanction. The misconduct that led to the original petition against respondent in 1987 was serious: Respondent failed to file state and federal income tax returns for 5 consecutive years. Since 1972, Minnesota attorneys have been on notice of the grave nature of tax delinquency. In *In re Bunker,* 294 Minn. 47, 55, 199 N.W.2d 628, 632 (1972), this court held that failure to file income tax returns makes disciplinary proceedings mandatory and stated in dictum that disbarment or suspension is the appropriate sanction absent "the most extreme, extenuating circumstances." In cases following *Bunker,* this court has imposed suspension when not filing or late filing of personal income tax returns is combined with other "egregious conduct," the length of suspension determined by balancing the conduct against the asserted mitigating factors. *In re Wylde,* 454 N.W.2d 423, 425 (Minn.1990).

■ Respondent's pattern of continuing misconduct and failure to cooperate with the director's office aggravates his original misconduct. While on probation, respondent failed to comply with the probation conditions, neglected a client matter by failing to render an accounting, and failed to cooperate with the director's investigation into the client's complaint. An attorney on probation should be especially careful to assure compliance with obligations imposed on him in his capacity as a lawyer. *In re Haugen,* 425 N.W.2d 835, 836 (Minn.

1988). For probation to be successful, it must result in renewed commitment to ethical and professional behavior, not simply correction of past misconduct. *In re Shaw,* 396 N.W.2d 573, 575–76 (Minn.1986). In light of these considerations, the court repeatedly has treated continued misconduct while on probation as a factor calling for stronger sanctions. Given that we found mitigating circumstances in *Munns I* and *Munns II,* we are not now inclined to impose sanctions beyond those recommended by the referee. However, we have given respondent all of the deference and consideration he deserves—and more. We cannot give him any more leeway. Respondent simply must realize that he has a duty to comply with the professional rules applicable to all lawyers.

Therefore, this court's 1988 suspension order is hereby made effective:

1. Respondent is suspended from the practice of law for 2 years less the 30 days already served pursuant to *Munns I;*

2. Respondent may petition this court for reinstatement at any time after the suspension period has elapsed provided that respondent has complied with the requirements for reinstatement pursuant to Rule 18, RLPR; and

3. Respondent shall pay to the director the sum of $750 in costs and disbursements pursuant to Rule 24, RLPR.