In re Petition for DISCIPLINARY ACTION AGAINST Reynaud L. HARP, an Attorney at Law of the State of Minnesota.

No. C4–93–2415.

Supreme Court of Minnesota.

Oct. 14, 1994.

*ORDER*

WHEREAS, the Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging with specificity that respondent Reynaud L. Harp violated the provisions of an earlier private probation by failing to file federal and state individual income tax returns and by failing to cooperate with his probation supervisor and with the Director; and

WHEREAS, the respondent has unconditionally admitted the allegations of the petition, has waived any rights he has pursuant to Rule 14, Rules on Lawyers Professional Responsibility, and has entered into a stipulation with the Director through which they jointly recommend a public reprimand, imposition of 4 years' supervised probation with conditions, and the payment of $750 in costs and disbursements; and

WHEREAS, this court has independently reviewed the record and agrees that the conduct admitted to by respondent warrants, with a modification of not adopting paragraph 7(*l*), the stipulated to disposition,

IT IS HEREBY ORDERED that respondent Reynaud L. Harp is publically reprimanded and is placed on supervised probation for a period of 4 years subject to the following conditions:

1. Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation and promptly respond to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct which may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

2. Respondent shall abide by the Minnesota Rules of Professional Conduct (MRPC).

3. Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of this probation. Respondent shall provide to the Director the names of four attorneys who have agreed to be nominated as respondent's supervisor within two weeks from the date the Court's order is issued. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, the respondent shall on the first day of each month provide the Director with an inventory of active client files described in paragraph 4 below. Respondent shall make active client files available to the Director upon request.

4. Respondent shall cooperate fully with the supervisor in his/her efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director.

5. Respondent shall initiate and maintain office procedures which ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts and other persons interested in matters which respondent is handling, and which will ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

6. Within 30 days from the date the Court's order is issued, respondent shall provide to the Director and to the probation supervisor, if any, a written plan outlining office procedures designed to ensure that respondent is in compliance with probation requirements. Respondent shall provide progress reports as requested.

7. Respondent shall continue current evaluation and treatment by a licensed consulting psychologist or other mental health professionals acceptable to the Director, and shall complete all therapy programs recommended by the therapist.

8. Respondent shall maintain books and records concerning law office income and expenses and funds held on behalf of clients in compliance with Rule 1.15, MRPC, and LPRB Amended Opinion No. 9. By the first day of each month, respondent shall make all books and records pertaining to his office and trust accounts available to his supervisor. Such books and records shall also be made available to the Director upon request.

9. Within 30 days of the Court's order, respondent shall employ a qualified tax advisor, acceptable to the Director, to assist him in preparing and filing all delinquent state and federal tax returns and in entering into agreements satisfactory to the Internal Revenue Service (IRS) and the Minnesota Department of Revenue (DOR) for payment of all unpaid taxes, interest and penalties. Respondent and/or his tax advisor shall promptly meet with the IRS and DOR and negotiate payment agreements for his past due tax liabilities. Until payments plans are signed, respondent shall report to the Director on the first day of each month his communications

with the IRS and DOR showing his efforts to resolve his past tax liabilities and good faith effort to comply with this probation.

10. Upon execution of payment agreements with the IRS and DOR, respondent shall comply with the terms of the payment plans until all tax liabilities are fully paid. Respondent shall provide the Director with copies of IRS and DOR payment plans and report at least quarterly proof of compliance therewith by providing copies of the timely payments and any correspondence. Respondent shall provide the Director with the name, address, and telephone number of the state and federal agents with whom he is working. Each payment agreement shall, at a minimum, show good faith progress in reducing respondent's outstanding state and federal tax liabilities.

11. Respondent shall timely file all state and federal tax returns and pay the taxes thereon as they become due, including individual and employer withholding returns. Respondent shall affirmatively report to the Director, without written request or reminder, on or before the date due of each year during which this probation is in effect, compliance of said filing and payment requirements. Respondent shall provide to the Director, without written request or reminder, on or before the filing deadline, a copy of all applications for extension of time to file, and approval granted by the tax authorities. Respondent shall also provide a copy of his tax returns when filed, and all correspondence with tax authorities. Respondent shall make timely quarterly estimated payments to the state and federal tax authorities. On or before the filing deadline, respondent shall provide proof of such filing and payment to the Director without specific reminder or request; and

IT IS FURTHER ORDERED, as agreed to by respondent and the Director, that if the Director concludes, after giving respondent an opportunity for hearing, that respondent has violated the conditions of this probation, the Director may file an affidavit of noncompliance by respondent and request the court to immediately suspend respondent for an indefinite period, or upon a conclusion by the Director that respondent has violated this probation or has further violated the Rules of Professional Conduct, the Director may file a petition for further discipline without submitting the matter to a panel or panel chair; and

IT IS FURTHER ORDERED that respondent shall not be reinstated until there is compliance with Rule 18(a), (b), (c) and (e), Rules on Lawyers Professional Responsibility.

The Director is awarded costs and disbursements in the amount of $750.

BY THE COURT:

/s/ M. Jeanne Coyne

M. Jeanne Coyne
Associate Justice