**In re Petition for DISCIPLINARY ACTION AGAINST Alfred L. HOEDEMAN, an Attorney at Law of the State of Minnesota.**

No. C2–00–862.

Supreme Court of Minnesota.

Jan. 18, 2001.

Edward J. Cleary, Director, Betty M. Shaw, Senior Assistant Director, Office of Lawyer's Professional Responsibility, St. Paul, for Petitioner.

Alfred L. Hoedeman, Minneapolis, for Respondent.

## OPINION

PER CURIAM.

This disciplinary proceeding follows the failure of respondent Alfred L. Hoedeman to comply with the terms of his private probation and to cooperate with a disciplinary investigation by the Lawyers Professional Responsibility Board (LPRB). In the absence of any factors justifying mitigation, we conclude that indefinite suspension from the practice of law is the appropriate sanction.

Since Hoedeman was admitted to the practice of law in Minnesota in 1959 he has been admonished twice for professional misconduct unrelated to the present proceedings-once in 1984 for failure to return all client documents and property and again in 1998 for neglect of a client's real estate matter. This disciplinary action arises out of a series of violations between 1992 and 1996 involving two trust accounts and a real estate transaction. In 1998 Hoedeman admitted to the following violations and stipulated to a two-year private probation:

(1) As trustee for the Ives Marital Trust, Hoedeman deposited funds received from the trust into his law firm business account and disbursed funds to the beneficiary by a business account check. Hoedeman also advanced the beneficiary $9,000 from a trust account prior to receipt of funds to cover the disbursement. Hoedeman covered the resulting overdraft with his personal funds;

(2) As trustee for the Linda Baumgartner Trust, Hoedeman twice paid taxes due on the trust when the trust account did not hold sufficient funds to cover the tax payments. In each instance the shortage was later cured by a disbursement from the trust; and

(3) Hoedeman deposited proceeds from a client's real estate transaction into his business account and used those funds to pay personal and office expenses unrelated to the real estate transaction.

Hoedeman's probation required him to maintain trust account books and records in compliance with Minn. R. Prof. Conduct 1.15 (requiring lawyers to deposit client funds into identifiable interest bearing trust accounts) and LPRB Amended Op. 9 (1999) (describing how to properly maintain trust and business account records), employ a qualified accountant to assist in the maintenance of books and records and to certify that all required books and records were maintained on accounts that did not qualify as Interest on Lawyers Trust Accounts (IOLTA) trust accounts,[1] make available IOLTA trust account books and records within 30 days and thereafter at such intervals as the Director of the Office of Lawyers Professional Responsibility (Director) requested, and make available upon request all non-IOLTA trust account books and records to explain any overdrafts or possible misconduct. The terms of his probation further provided that if the Director concluded Hoedeman violated its terms, Hoedeman waived his right to a Panel or Panel Chair hearing, allowing the Director to petition this court directly for further disciplinary action.

When Hoedeman submitted his IOLTA trust account books to the Director as requested, the Director determined that the books did not comply with Minn. R. Prof. Conduct 1.15 and LPRB Amended Op. 9 and requested Hoedeman to submit, within 10 days, subsidiary ledgers accounting for $4,970.04 held in the trust account, his check register dating to May 31, 1997 and IOLTA trust account records for two more months. Hoedeman did not submit the information within 10 days and after three additional reminder letters, he provided computer records for his non-IOLTA trust accounts but not the requested IOLTA trust account records. The Director wrote Hoedeman again requesting that he provide copies of the missing IOLTA trust account ledgers, all subsidiary ledgers accounting for the $4,970.04, and an explanation of an overdraft that was recorded in the non-IOLTA trust accounts ledger. Hoedeman produced a check register that did not cover the complete time period and did not submit the subsidiary ledgers or an explanation of the overdraft. When the Director wrote again asking for the ledgers and an explanation of the overdraft, Hoedeman provided all IOLTA trust account bank statements for March 1998 through November 1998 with the exception of July 1998. Hoedeman's account was inactive during the period with a balance of $4,970.04.

Again the Director requested copies of his subsidiary ledgers and an explanation of the overdraft. Hoedeman responded with an explanation of the overdraft but only a partial submission of his trust account books. The Director replied that Hoedeman's partial trust account books did not comply with the Minnesota Rules of Professional Conduct and requested that he appear with his trust account books at a meeting with the Director. Hoedeman did not appear but telephoned later saying that he did not receive the Director's letter requesting his appearance. Hoedeman appeared at a rescheduled meeting but without the requested books and records. The Director thereafter made several more requests for the trust account information and a meeting to discuss Hoedeman's failure to cooperate

---

1. The Interest on Lawyers Trust Accounts program requires lawyers and law firms to pool nominal and short-term client funds into trust accounts with the interest being paid to the Lawyers Trust Account Board. *See* Minn. R. Prof. Conduct 1.15(e).

with his probation, but Hoedeman did not respond.

On February 3, 2000, the Director sent Hoedeman a notice of investigation of Hoedeman's failure to cooperate with his probation and asked for a response within 14 days. Hoedeman did not respond. On March 3, 2000, the Director again wrote Hoedeman requesting a meeting on a specified date or a telephone call if Hoedeman was unable to attend the meeting, but Hoedeman did not attend the meeting or call the Director. Hoedeman also failed to provide all necessary accountant's quarterly certifications of the non-IOLTA trust accounts he manages despite repeated requests from the Director.

On March 29, 2000, the Director served Hoedeman with charges of unprofessional conduct and notice of a pre-hearing meeting. Hoedeman did not respond nor did he respond to a petition for disciplinary action served on May 12, 2000. On June 9, 2000 we ordered that the Director's allegations against him be deemed admitted.

■■■ The only issue before us is the appropriate discipline. *See* Rule 13(b), Rules on Lawyers Professional Responsibility (RLPR). The purpose of an attorney disciplinary proceeding is not to punish the attorney but to protect the public, the courts and the profession. *See In re Bernard,* 534 N.W.2d 272, 275 (Minn.1995). In deciding the appropriate discipline for an attorney's misconduct, we consider the

nature of the misconduct, the cumulative weight of the rule violations, the harm to the public and the harm to the legal profession. *See In re Orren,* 590 N.W.2d 127, 129 (Minn.1999). While our prior decisions provide guidance, we examine each case individually and impose an appropriate discipline based on the facts of the case and any aggravating and mitigating circumstances. *See In re Ruffenach,* 486 N.W.2d 387, 390 (Minn.1992).

The Director asks us to suspend Hoedeman indefinitely from the practice of law on the basis that from the inception of his probation Hoedeman failed to comply with its terms and failed to cooperate with the related disciplinary investigation. Hoedeman did not appear in these proceedings.

Noncooperation with probation monitoring is a violation of the Minnesota Rules of Professional Conduct [2] but has not always led to suspension. *See In re Weems,* 521 N.W.2d 856, 856 (Minn.1994). Hoedeman's case is aggravated, however, by several factors: (1) his noncooperation with the disciplinary investigation; (2) his failure to comply with trust account rules; and (3) while on probation, repeating the trust account misconduct that led to his probation.

■■■ Failure to respond to a disciplinary investigation is serious misconduct and in itself generally warrants suspension even of attorneys with no prior disciplinary history.[3] *See In re Stanbury,* 614 N.W.2d

**2.** Failure to cooperate with an investigation relating to probation violates Minn. R. Prof. Conduct 3.4(c) (providing that a lawyer shall not knowingly disobey an obligation under the rules of a tribunal) and Minn. R. Prof. Conduct 8.4(d) (providing that a lawyer shall not engage in conduct prejudicial to the administration of justice.) *See In re Klemek,* 446 N.W.2d 391, 391 (Minn.1989).

**3.** Failure to cooperate with a disciplinary investigation violates Minn. R. Prof. Conduct 8.1(a)(3), and Rule 25, RLPR. Minn. R. Prof. Conduct 8.1(a) provides that "a lawyer * * * in connection with a disciplinary matter, shall not * * * knowingly fail to respond to [a] discipline authority's lawfully authorized de-

mand for information by either providing the information sought or making a good faith challenge to the demand." Rule 25(a), RLPR provides: "It shall be the duty of any lawyer who is the subject of an investigation or proceeding under these Rules to cooperate with the District Committee, the Director, the Director's staff, the Board, or a Panel, by complying with reasonable requests, including requests to:

(1) Furnish designated papers, documents or tangible objects;
(2) Furnish in writing a full and complete explanation covering the matter under consideration;
(3) Appear for conferences and hearings at the times and places designated."

209, 213 (Minn.2000); *In re Thedens*, 557 N.W.2d 344, 349 (Minn.1997); *In re Szymialis*, 557 N.W.2d 554, 559 (Minn.1997). We have imposed sanctions less severe than suspension on attorneys who cooperate belatedly or partially. *See Thedens*, 557 N.W.2d at 349–50; *see also Stanbury*, 614 N.W.2d at 213–14 (sanctioning attorney with public reprimand and probation when he did not cooperate initially with a disciplinary investigation but eventually responded to some of the Director's requests); *In re Terrazas*, 581 N.W.2d 841, 845–46 (Minn.1998) (sanctioning attorney who eventually cooperated with the Director's investigation with a public reprimand and two-year probation). An attorney on probation however, is obligated to take particular care to cooperate with a disciplinary investigation. *See In re Munns*, 475 N.W.2d 82, 85 (Minn.1991).

■ Failing to maintain trust account books and records in compliance with applicable rules while on probation is also serious misconduct and is an aggravating factor. In *In re Haugen* we stated: "We take trust account violations seriously and will not hesitate to impose a disciplinary suspension to protect the public from attorneys who either intentionally or unintentionally fail to exercise care in handling client funds." 543 N.W.2d 372, 375 (Minn .1996). We have warned the profession that "misuse of trust accounts * * * will * * * almost invariably result in lengthy suspension at the very least." *In re Lochow*, 469 N.W.2d 91, 98 (Minn.1991); *see also In re Swerine*, 513 N.W.2d 463, 466 (Minn.1994) ("As an independent violation, improper maintenance of trust accounts generally warrants suspension.").

Hoedeman's trust account violations while he was on probation for the same offense acutely underscore his failure to evince a "renewed commitment to comprehensive ethical and professional behavior" expected of attorneys who have been disciplined. *In re Simonson*, 420 N.W.2d 903, 906 (Minn.1988). While we are mindful that Hoedeman has had a long career as an attorney in this state, that he has not taken money from his clients and that there is no indication that throughout this disciplinary process he made misrepresentations to the LPRB, his recent misconduct while on probation demonstrates a continuous pattern of unwillingness to cooperate with the disciplinary process and to comply with the rules of professional conduct that we enforce to protect the public and the profession. Accordingly, we order that:

1. Respondent Alfred L. Hoedeman is hereby suspended indefinitely from the practice of law pursuant to Rule 15(a)(2), RLPR;

2. Respondent shall comply with notice requirements of Rule 26, RLPR;

3. Respondent shall pay $900 in costs and disbursements to the Director pursuant to Rule 24(a), RLPR; and

4. Before reinstatement to the practice of law, respondent shall provide proof of fitness to practice law by complying with the petition and hearing requirements of Rule 18(a)-(d), RLPR and the written examination and continuing legal education requirements of Rule 18(e), RLPR.

So ordered.