**In re Petition for DISCIPLINARY ACTION AGAINST Michele Marie DANIELSON, an Attorney at Law of the State of Minnesota.**

No. C4–00–863.

Supreme Court of Minnesota.

Jan. 18, 2001.

Edward J. Cleary, Director, Betty M. Shaw, Senior Assistant Director, Office of Lawyers Professional Responsibility, St. Paul, for petitioner.

Michele Marie Danielson, St. Paul, for respondent.

## OPINION

PER CURIAM.

We consider the appropriate sanction in an attorney discipline matter where an attorney has failed to comply with the terms of probation imposed after the attorney admitted unprofessional conduct and failed to cooperate with a related disciplinary investigation. We conclude that indefinite suspension from the practice of law is the appropriate sanction.

Respondent Michele Marie Danielson was admitted to practice law in Minnesota in 1988. In June 1999, she stipulated to being placed on private probation for client neglect and noncommunication, failure to satisfy a judgment, failure to timely file

tax returns and noncooperation. The Director of the Office of Lawyers Professional Responsibility (Director) cited Danielson's mental illness as a factor mitigating her misconduct. As a condition of her probation Danielson was required, among other things, to cooperate with the Director and to continue mental health treatment. Danielson also was required to provide to the Director a list of attorneys willing to supervise her probation, an inventory of all active client files and a copy of an agreement with the Internal Revenue Service regarding her past tax liability.

Danielson failed from the start to meet the terms of her probation, failing to submit the names of supervisor nominees, an inventory of active client files or the agreement with the IRS. After a meeting with the Director on December 6, 1999, to discuss these deficiencies, Danielson failed to cooperate further or have any contact with the Director despite repeated attempts to contact her. On January 11, 2000, the Lawyers Professional Responsibility Board appointed an attorney supervisor, whose attempts to contact Danielson also were ignored.

■ The Director initiated an investigation in March 2000 of Danielson's noncompliance with the terms of her probation. Danielson did not respond to notice of the investigation or attend scheduled meetings regarding it. During the investigation, the Director learned that Danielson missed or cancelled five meetings with her psychologist and unilaterally reduced her weekly appointments with the psychologist to every other week. The Director petitioned this court in May 2000 for disciplinary action against Danielson.[1] Based on her failure to answer the petition, its allegations are deemed admitted. *See* Rule 13(b), RLPR.

■ In deciding the appropriate discipline for an attorney's misconduct, this court considers: (1) the nature of the misconduct; (2) the cumulative weight of the rule violations; (3) the harm to the public; and (4) the harm to the legal profession. *See In re Orren,* 590 N.W.2d 127, 129 (Minn.1999). While prior decisions provide guidance, we examine each case individually and impose discipline based on the particular facts of the case and any aggravating and mitigating circumstances. *See In re Ruffenach,* 486 N.W.2d 387, 390 (Minn.1992).

■ Failure to respond to a disciplinary investigation in itself generally warrants discipline. *See In re Thedens,* 557 N.W.2d 344, 349 (Minn.1997); Minn. R. Prof. Conduct 8.1(a)(3) (providing that a lawyer shall not knowingly fail to respond to discipline authority's demand for information); Rule 25(a), RLPR (imposing duty on a lawyer to cooperate with the Director). When an attorney commits misconduct and then refuses to cooperate with the ensuing investigation, indefinite suspension is "a reasonable and necessary sanction, especially where respondent has offered no evidence of mitigating circumstances." *In re Kinnunen,* 502 N.W.2d 773, 775 (Minn.1993). Even attorneys with no prior disciplinary history have regularly received indefinite suspension for failure to cooperate with the Director's investigation. *See In re Szymialis,* 557 N.W.2d 554, 559 (Minn.1997).

While Danielson previously cooperated with the Director in investigating prior misconduct, she failed completely to cooperate with the investigation into her noncompliance with the terms of her probation. Danielson has in the past offered evidence of mitigating health problems to explain earlier lapses in communication with the Director's office, but she did not

---

1. As part of the stipulated probation, Danielson agreed that if the Director concluded that she had violated the terms of probation, the Director could file a petition for disciplinary

action with this court without submitting the matter to a panel or panel chair. *See* Rule 8(d)(3)(iii), Rules on Lawyers Professional Responsibility (RLPR).

offer any mitigating circumstances for her more recent noncooperation.

 On occasion, additional probation is appropriate for attorneys who have violated the terms of their disciplinary probations. *See In re Harp,* 522 N.W.2d 924 (Minn.1994). However, supervised probation is not appropriate where the attorney consistently fails to communicate with the Director. *See In re Anderson,* 569 N.W.2d 923, 927 (Minn.1997). In this case Danielson has demonstrated at best only a partial willingness or capacity to communicate and cooperate with the Director. Soon after reaching the stipulation, she failed to provide the Director with the documentation required by the agreement, failed to attend or reschedule meetings with the Director, and failed to respond to contact by her appointed supervisor. Additional probation is likewise inappropriate because there is some question whether Danielson is continuing with her mental health treatment.

Moreover, Danielson was on probation in part because of her unwillingness to cooperate with the attorney disciplinary process. Attorneys on probation should be especially careful to comply with the rules of professional conduct. *See In re Munns,* 475 N.W.2d 82, 85 (Minn.1991). Danielson, by her lack of cooperation, has violated Minn. R. Prof. Conduct 8.1(a)(3) and Rule 25(a), RLPR and failed to demonstrate the renewed commitment to ethical and professional behavior that we expect of attorneys on probation. *See Munns,* 475 N.W.2d at 85.

Accordingly, we order that:

1. Respondent Michele Marie Danielson is hereby suspended indefinitely from the practice of law pursuant to Rule 15(a)(2), RLPR;

2. Danielson shall comply with the notice requirements of Rule 26, RLPR;

3. Danielson shall pay $900 in costs and disbursements to the Director pursuant to Rule 24(a), RLPR.

4. Before reinstatement to the practice of law, Danielson shall provide proof of fitness to practice law by complying with the petition and hearing requirements of Rule 18(a)-(d), RLPR and the written examination and continuing legal education requirements of Rule 18(e), RLPR.

So ordered.