**In re Petition for DISCIPLINARY ACTION AGAINST Eric A.L. De RYCKE, an Attorney at Law of the State of Minnesota.**

No. C1–98–589.

Supreme Court of Minnesota.

June 5, 2001.

ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Eric A.L. De Rycke has committed professional misconduct warranting public discipline, namely,

a. Respondent failed to cooperate with the Director's Office in monitoring his probation in violation of the terms of his Court-ordered probation and Minn. R. Prof. Conduct 3.4(c);

b. Respondent failed to cooperate with the Director's investigation in violation of the terms of his probation and Minn. R. Prof. Conduct 3.4(c), 8.1(a)(3), and 8.4(c) and (d), and Rule 25, Rules on Lawyers Professional Responsibility (RLPR);

c. Respondent commingled personal and client funds, failed to maintain required books and records and falsely certified to the Court that he maintained such records in violation of the terms of his probation and Minn. R. Prof. Conduct 1.15 and 8.4(c), and Lawyers Professional Responsibility Board (LPRB) Opinion 9;

d. Respondent withdrew funds from his trust account by using an automated teller machine and by automatic transfers to cover overdrafts in his business/personal account in violation of

Minn. R. Prof. Conduct 1.15, and LPRB Opinion 9;

e. Respondent failed to provide his clients with an accounting of earned fees before withdrawing those fees in violation of Minn. R. Prof. Conduct 1.15(b).

f. Respondent commingled law firm and client funds by leaving earned fees in his trust account and withdrawing them to pay business expenses in violation of Minn. R. Prof. Conduct 1.15.

g. Respondent failed to promptly deposit trust account funds for safekeeping in violation of Minn. R. Prof. Conduct 1.15(c)(2).

Respondent admits his conduct violated the Rules of Professional Conduct, waives his rights under Rule 14, RLPR, and has entered into a stipulation with the Director wherein they jointly recommend that the appropriate discipline is a public reprimand and an extension of his current supervised probation for a period of two additional years subject to the following conditions:

a. Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation and promptly respond to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct which may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

b. Respondent shall abide by the Minnesota Rules of Professional Conduct.

c. Respondent shall be supervised by J. Brian O'Leary, or other licensed Minnesota attorney approved by the Director, to monitor compliance with the terms of this probation.

d. Respondent shall cooperate fully with the supervisor in his efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at more frequent intervals as may reasonably be requested by the Director.

e. Respondent shall initiate and maintain office procedures which ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts and other persons interested in matters which respondent is handling, and which will ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

f. Within thirty days from the execution of this stipulation, respondent shall provide to the Director and to the probation supervisor a written plan outlining office procedures designed to ensure that respondent is in compliance with probation requirements. Respondent shall provide progress reports as requested.

g. Respondent shall maintain law office and trust account books and records in compliance with Rule 1.15, MRPC, and LPRB Opinion No. 9. In particular, respondent shall not use his trust ac-

count as a business account; shall have an operating business account and will use it appropriately; and respondent shall not use his trust account for any purposes other than those stated in the above-referenced rules. These books and records include the following: client subsidiary ledger, checkbook register, monthly trial balances, monthly trust account reconciliation, bank statements, canceled checks, duplicate deposit slips and bank reports of interest, service charges and interest payments to the Lawyer Trust Account Board. Such books and records shall be made available to the Director within 30 days of the approval of this stipulation and thereafter shall be made available to the Director at such intervals as he deems necessary to determine compliance.

h. Respondent shall timely file all required state and federal tax returns, including individual and employer withholding returns, and timely pay the taxes due thereon. Respondent shall affirmatively report to the Director, on or before the due date of the required returns, his compliance with filing and payment requirements. Such reports shall include copies of the required returns. On or before the filing deadline, respondent shall provide the Director with copies of all applications for filing extensions and proof of approval of such applications. Respondent shall provide all of the documents and information required herein without specific reminder or request.

This court has independently reviewed the file and approves the jointly recommended disposition.

IT IS HEREBY ORDERED that respondent Eric A.L. De Rycke is publicly reprimanded and that his supervised probation is extended for a period of two additional years subject to the agreed-upon conditions set forth above. Respondent shall pay $900 in costs and disbursements.

BY THE COURT:

/s/ Paul H. Anderson
Associate Justice