**In re Petition for DISCIPLINARY ACTION AGAINST Richard T. JELLINGER, an Attorney at Law of the State of Minnesota.**

No. C3–00–1681.

Supreme Court of Minnesota.

Aug. 17, 2001.

ORDER

On May 3, 2001, this court publicly reprimanded respondent Richard T. Jellinger and placed him on supervised probation for two years. *In re Jellinger,* 625 N.W.2d 143 (Minn.2001). The terms of probation

included the requirements that respondent cooperate with the Director in any investigation of additional allegations of professional misconduct, that he cooperate with the Director's efforts to monitor compliance with the terms of probation, and that he abide by the Rules of Professional Conduct. *Id.* at 148–49. We further provided that:

> Failure to abide by the conditions of probation will result in more severe sanctions, including the possibility of an immediate temporary suspension pending a full evidentiary hearing on any alleged violations of probation or further violations of the Rules of Professional Conduct.

*Id.* at 149.

The Director has filed a petition for revocation of probation and for further disciplinary action. The Director has also filed a petition for temporary suspension under Rule 16, Rules on Lawyers Professional Responsibility (RLPR). In the petition for temporary suspension, the Director alleges that respondent has violated the terms of his probation and the Rules of Professional Conduct in failing to respond to notices of investigation of additional complaints of professional misconduct and in failing to respond to correspondence regarding respondent's probation. The Director further alleges that respondent's failure to cooperate has prevented the Director from implementing probation.

Respondent has not answered the petition for temporary suspension. Therefore, the allegations in the petition are deemed admitted and the court "may enter an order suspending the lawyer pending final determination of disciplinary proceedings." Rule 16(c), RLPR.

We have independently reviewed the file and conclude that based on the allegations in the petition for temporary suspension, which are deemed admitted, respondent has violated the terms of his court-ordered probation and the Rules of Professional Conduct. *See* Minn. R. Prof. Conduct 8.1(a)(3) (requiring attorney to provide information requested in disciplinary investigation); *In re Hoedeman*, 620 N.W.2d 714, 717 n. 2 (Minn.2001) (noting that failing to cooperate with monitoring of probation violates Minn. R. Prof. Conduct 3.4(c) and 8.4(d)). We further conclude that temporary suspension is warranted under our May 3, 2001, order and Rule 16, RLPR.

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that respondent Richard T. Jellinger is temporarily suspended from the practice of law in Minnesota. Respondent shall comply with the requirements of Rule 26, RLPR.

BY THE COURT:

Paul H. Anderson

Associate Justice