**In the Matter of the Application for the Discipline of Irving SHAW, an Attorney at Law of the State of Minnesota.**

**No. 50289.**

Supreme Court of Minnesota.

Oct. 24, 1980.

Michael J. Hoover, Administrative Director on Professional Conduct, and Richard C. Baker, Staff Atty., Lawyers Professional Responsibility Board, St. Paul, for petitioner.

Larkin, Hoffman, Daly & Lindgren, James P. Miley and Thomas J. Flynn, Minneapolis, for respondent.

PER CURIAM.

The Professional Responsibility Board has brought this disciplinary action against respondent, Irving Shaw, an attorney at law, charging him with professional misconduct involving commingling and conversion of client funds, failure to maintain a separate trust account, and false certification in connection with his annual license renewal that his books and records were in compliance with DR 9–103.

The findings of fact made by the referee, the Honorable Ben Gussendorf, are adopted by this court. Judge Gussendorf's findings may be summarized as follows. Respondent was admitted to the bar in 1951 and currently practices in St. Paul. In 1978, respondent was retained to represent Barbara Jean (Barrera) Duerscherl in a marriage dissolution proceeding. On March 5, 1979, pursuant to his client's divorce settlement stipulation, respondent received $10,-000, which was to be held in an escrow account and paid to his client at the time final judgment was entered. The funds were not placed in a separate account, however, but, rather, were deposited in respondent's law office account, which combined personal and business monies. Numerous checks were drawn by respondent against his client's funds.

Judgment in the divorce proceeding was entered on April 19, 1979. After his client made inquiries concerning her funds, respondent paid his client $5,000. The remaining portion of the settlement was paid to his client on May 18, 1979.

The record establishes that, since at least 1975, respondent has failed to maintain a separate fiduciary account for client funds and has failed to keep adequate books and records. Also, he has not maintained subsidiary ledgers revealing funds held on behalf of clients nor has he made periodic reconciliations of books and records. In addition, respondent falsely certified in connection with his license renewal that his records were in compliance with DR 9–103.

The referee recommended that respondent should be censured and placed on supervised probation for 3 years.

The Minnesota Code of Professional Responsibility provides that client funds must be placed in a separate trust account and

must not be commingled with an attorney's personal and business monies. DR 9–102(A). Lawyers engaged in the private practice of law must certify, in connection with their annual renewals of registration, that their books and records are in compliance with DR 9–103.[1] The maintenance of a separate trust account and proper records identifying client funds is vital to the practice of the legal profession, since it serves to protect the client and avoid even the appearance of professional impropriety. *See* EC 9–5. This court had indicated the importance of preserving the identity of client funds by requiring attorneys to declare their compliance with DR 9–103 on the annual registration statement. Every lawyer is thus charged with the knowledge that he must maintain a separate account and adequate records.

The gravity of respondent's misconduct mandates a severe sanction. Commingling and misappropriation of client funds cannot be tolerated notwithstanding restitution. We do not impose the sanction of disbarment or suspension, however, because respondent's conversion consisted of a single event, and such temporary misuse of his client's funds was for only a short time, for which full restitution has now been made. Respondent otherwise has a good reputation in the community, both as a lawyer and as an involved citizen, and he has cooperated fully with the investigation by the Board of

Professional Responsibility. The false certification of compliance with DR 9–103 by respondent's signature on the attorney registration form is itself serious, and using this case as exemplary, notice is given that false certification will result in severe sanction.

We accordingly impose the following sanctions:

1. Respondent is publicly reprimanded and censured.

2. Respondent is placed on supervised probation for a minimum of 3 years. The person designated to supervise respondent shall monitor respondent's financial affairs and make periodic reports to the Lawyers Professional Responsibility Board and shall assure himself and the court of respondent's full compliance with proper and adequate books and records regarding his handling of all client funds.

3. Respondent is fined the sum of $5,000 payable to the Lawyers Professional Responsibility Board within a period of 24 months.

It is so ordered.

---

1. The attorney registration form provides for every attorney's signature to the following statement, printed in distinctive red letters:

I HEREBY CERTIFY THAT, TO THE EXTENT THAT I AM ENGAGED IN THE PRIVATE PRACTICE OF LAW, I OR MY LAW FIRM MAINTAINS BOOKS AND RECORDS SUFFICIENT TO DEMONSTRATE INCOME AND EXPENSES OF MY PRIVATE PRACTICE OF LAW, IF ANY, AND TO SHOW PRESERVATION OF THE IDENTITY OF FUNDS AND PROPERTY OF CLIENTS, IF ANY, AS REQUIRED BY MINNESOTA CODE OF PROFESSIONAL RESPONSIBILITY, DR 9-103.