In re Petition for DISCIPLINARY ACTION AGAINST Steven J. KINNUNEN, an Attorney at Law of the State of Minnesota.

No. CX–93–345.

Supreme Court of Minnesota.

July 9, 1993.

Marcia A. Johnson, Director of the Office of Lawyers Professional Responsibility, Karen A. Risku, Asst. Director, St. Paul, for appellant.

Steven J. Kinnunen, pro se.

## OPINION

PER CURIAM.

This matter concerns a disciplinary action brought against respondent, Steven J. Kinnunen, who was admitted to the Minnesota bar in 1986 and practiced law in Minneapolis. The initial petition, filed on February 18, 1993, by the Director of the Office of Lawyers Professional Responsibility, alleges two counts of misconduct and requests suspension or other appropriate discipline.

The first count of alleged misconduct involved respondent's representation of a client who retained respondent in June 1989 to bring claims against Thompson Lumber Company, its credit manager, and a home building contractor. A year later, respondent obtained a settlement from the credit manager, but failed to commence an action against Thompson Lumber, despite the client's repeated requests for him to do so. Eventually, in August 1991 and again in January 1992, the client asked respondent to return his file. When respondent failed to respond, the client filed a complaint with the Director's office on February 7, 1992. In his March 5, 1992, response to this complaint, respondent stated, "I have lately returned [that client's] complete file to him...." In fact he did not do so until after March 24, 1992, when the district ethics committee investigator informed respondent that the client had not yet received the file.

The second count arose out of respondent's failure to cooperate during the investigation of various overdrafts of his trust account. Between July 22 and December 31, 1992, the Director received notice, pursuant to Rule 1.15(j), Minnesota Rules of Professional Conduct (MRPC), of a negative balance in respondent's trust account on fifteen separate occasions. Respondent failed to reply to any of the Director's requests for a written explanation of these overdrafts. The Director issued charges of unprofessional conduct against respondent and scheduled a pre-hearing meeting for January 13, 1993. Respondent did not appear for this meeting.

On February 10, 1993, respondent was served with the petition for disciplinary action. When respondent failed to timely answer the petition, the Director moved that the allegations of the petition be deemed admitted pursuant to Rule 13(b), Rules on Lawyers Professional Responsibility (RLPR), and the appropriate discipline be imposed. We granted this motion for summary relief by order dated March 11, 1993, and set a hearing for April 8. The Director filed a brief on March 31, 1993, recommending that respondent be indefinitely suspended with no right to apply for reinstatement for a period of at least eighteen months. Respondent failed to submit either a brief or a written proposal.

On March 31, 1993, the Director also filed a supplementary petition alleging two additional counts of unprofessional conduct. The first involved respondent's representation of a client in an uncontested marriage dissolution proceeding. After neglecting the matter for a year, respondent finally scheduled a hearing before Judge Porter, but failed to provide proposed Findings of Fact, Conclusions of Law, Order for Judgment, and Judgment and Decree. The court granted the dissolution on the condition that respondent would provide the missing documents within a few days. Three months later, when respondent still had not complied, the court rescinded its conditional findings and ordered respondent to schedule another hearing. Respondent failed to notify his client of this order,

ignored the client's phone calls, and took no further action on the matter.

The second additional count involved respondent's non-cooperation in the investigation of the dissolution matter and his failure to provide the Director with an affidavit concerning his law practice since being placed on restricted status, pursuant to Rule 3, Minnesota Rules of Continuing Legal Education (MRCLE), on December 18, 1992.

At the time of the April 8 hearing, the Director had been unable to locate respondent to personally serve the supplementary petition and so was proceeding with service by publication. The notice was published in *Finance and Commerce* on April 7, 14, and 21, 1993. Because respondent has not filed an answer to the supplementary petition with this court, its allegations are deemed admitted pursuant to Rule 13(b), RLPR. The only issue before us is the appropriate discipline to be imposed on respondent.

Respondent's neglect of the legal matters entrusted to him by his clients, as detailed above, is serious misconduct. Respondent's failure to pursue his clients' claims and to return their phone calls could warrant indefinite suspension, especially in light of his refusal to cooperate in the investigation of his alleged misconduct. *See In re Rockne*, 375 N.W.2d 28 (Minn. 1985) (indefinite suspension ordered for attorney who failed to act on client's claim, return client's calls, or surrender client's documents upon request, and who failed to cooperate in disciplinary proceedings); *In re Jensen*, 418 N.W.2d 721 (Minn.1988) (attorney who neglected two cases, failed to communicate with client, practiced law while under suspension, and did not cooperate in disciplinary proceedings indefinitely suspended); *In re Levenstein*, 438 N.W.2d 665 (Minn.1989) (pattern of neglect of client matters, continued practice of law while on restricted status, and failure to cooperate with the Director warranted indefinite suspension).

Respondent may also be subjected to discipline for allowing his trust account balance to fall below zero. Attorneys in

this state are charged with knowledge of the requirements regulating the handling of client funds, *In re Shaw*, 298 N.W.2d 133, 135 (Minn.1980), and have been advised that "misuse of trust accounts * * * will * * * almost invariably result in lengthy suspension at the very least and disbarment at worst." *In re Lochow*, 469 N.W.2d 91, 98 (Minn.1991). Moreover, an attorney's responsibility to maintain his or her trust account goes beyond a requirement to refrain from intentional wrongdoing; even unintentional misappropriation as the result of poor accounting practices may be grounds for discipline. *In re Porter*, 449 N.W.2d 713, 718–19 (Minn.1990).

■ Finally, respondent's failure to cooperate in the disciplinary process, and his lack of candor in telling the DEC investigator that he had returned a client's file when he had not, also warrant discipline. Repeated failure to cooperate, in itself, has been found to warrant a six month suspension. *See In re Cartwright*, 282 N.W.2d 548 (Minn.1979).

■ The primary purpose of attorney discipline is protection of the public. *In re Serstock*, 316 N.W.2d 559, 561 (Minn.1982). When non-cooperation is coupled with respondent's other misconduct, indefinite suspension is a reasonable and necessary sanction, especially where respondent has offered no evidence of mitigating circumstances.

We order 1) that respondent Steven J. Kinnunen be indefinitely suspended, with no right to apply for reinstatement for a period of eighteen months; and 2) that any petition for reinstatement be made pursuant to Rule 18(a) and (e)(2) and (4), RLPR.

So ordered.