**In re Petition for DISCIPLINARY AC-
TION AGAINST Charles W. Du-
FRESNE, an Attorney at Law of the
State of Minnesota.**

**No. CX–01–1977.**

Supreme Court of Minnesota.

March 5, 2002.

### ORDER

The Director of the Office of Lawyers
Professional Responsibility has filed a peti-
tion for disciplinary action alleging that
respondent Charles W. DuFresne commit-
ted professional misconduct warranting
public discipline, namely, engaging in the
practice of law while suspended for non-
payment of his attorney registration fee,
neglecting multiple client matters and
making misrepresentations to those clients
about the status of their matters, in viola-

tion of Minn. R. Prof. Conduct 1.3, 1.4(a), 4.1, 5.5(a), and 8.4(c). Respondent has provided to the Director evidence of a psychological condition which caused or was a significant contributing factor to respondent's misconduct.

The parties have entered into a stipulation in which respondent admits his conduct violated the Rules of Professional Conduct, waives his rights under Rule 14, Rules on Lawyers Professional Responsibility (RLPR), and agrees with the Director to jointly recommend that the appropriate discipline is a public reprimand, payment of $900 in costs and disbursements under Rule 24, RLPR, and supervised probation subject to the following conditions:

a. Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation and promptly respond to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

b. Respondent shall abide by the Minnesota Rules of Professional Conduct.

c. Respondent has stated that he has not practiced law since before February 1, 2001, and that he does not intend to resume the active practice of law until the pending disciplinary proceeding is resolved and until he has made sufficient progress regarding his psychological issues.

d. Respondent will not engage in the practice of law during this probation except as provided in subparagraphs (f) through (m) below.

e. This probation shall end two years after respondent resumes the practice of law pursuant to subparagraph (f) below.

f. If respondent decides to practice law at any time during the period of this probation, respondent shall provide (1) written notice to the Director at least 30 days prior to beginning the practice of law or the representation of any client, and (2) a written opinion from a licensed psychiatrist or other medical doctor acceptable to the Director certifying that respondent suffers from no mental health problems which would prevent him from competently practicing law in compliance with the Minnesota Rules of Professional Conduct, and this probation shall become supervised and subject to the conditions listed in subparagraphs (a) and (b) above, and (g) through (m) below.

g. Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of this probation. Respondent shall provide to the Director the names of four attorneys who have agreed to be nominated as respondent's supervisor not less than two weeks before respondent begins to practice law. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, the respondent shall on the first day of each month provide the Director with an inventory of active client files described in paragraph (h) below. Respondent shall make active client files available to the Director upon request.

h. Respondent shall cooperate fully with the supervisor in his/her efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-per-

son meeting per calendar quarter. Respondent shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director.

i. Before respondent begins to practice law, respondent shall initiate office procedures which ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts and other persons interested in matters which respondent is handling, and which will ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis. Respondent shall maintain these procedures throughout the period of probation.

j. Before respondent begins to practice law, respondent shall provide to the Director and to the probation supervisor, if any, a written plan outlining office procedures designed to ensure that respondent is in compliance with probation requirements. Respondent shall provide progress reports as requested.

k. Respondent shall continue medical, therapy, or other treatment from a mental health professional and/or medical professional approved by the Director and abide by the courses of treatments recommended. Respondent shall execute any authorizations requested by the Director for release of medical information to ensure that information regarding respondent's mental health status is shared with the Director on a regular basis.

l. By the tenth day of each month, respondent shall provide to the Director a written report from respondent's mental health or medical professional which states whether respondent has abided by all courses of recommended treatments and sets forth respondent's progress since the date of the prior report.

m. Failure to abide by these conditions of probation will result in more severe sanctions, including the possibility of an immediate temporary suspension pending a full evidentiary hearing on any alleged violations of probation or other violations of the Rules of Professional Conduct.

This court has independently reviewed the file and approves the jointly recommended disposition.

IT IS HEREBY ORDERED that respondent Charles W. DuFresne be publicly reprimanded and placed on probation subject to the conditions set forth above. Respondent shall pay $900 in costs and disbursements under Rule 24, RLPR.

BY THE COURT:
Paul H. Anderson
Associate Justice