In re Petition for **DISCIPLINARY ACTION AGAINST Vicki Lynn FAGRE–STROETZ, a Minnesota Attorney, Registration No. 180701.**

No. A05–718.

Supreme Court of Minnesota.

March 16, 2006.

---

Cassie Hanson, Assistant Director, Office of Lawyers Professional Responsibility, St. Paul, MN, for petitioner Office of Lawyers Professional Responsibility.

Vicki Lynn Fagre–Stroetz, Stacy, MN, pro se respondent.

## OPINION

PER CURIAM.

This attorney discipline matter arose from a petition filed by the Director of the Office of Lawyers Professional Responsibility alleging that attorney Vicki Lynn Fagre–Stroetz neglected and failed to effectively communicate with a client, practiced law while fee suspended, and failed to cooperate with the disciplinary process. Fagre–Stroetz failed to answer the petition within 20 days as required. The director moved for summary relief, and on June 16, 2005, we issued an order deeming the allegations in the petition admitted[1] and scheduling a hearing to determine the ap-

propriate discipline to be imposed. The director argues that Fagre–Stroetz's misconduct merits indefinite suspension with no right to petition for reinstatement for one year. We agree.

The now-admitted allegations are described by the director under three counts of misconduct:

*Client neglect*

M.W. retained Fagre–Stroetz to represent her in a dissolution matter in 2003. Initially Fagre–Stroetz was diligent and kept M.W. informed. But in the summer of 2003, Fagre–Stroetz stopped responding to M.W.'s requests for information. After discovering that Fagre–Stroetz had seemingly shut down her office at 333 Washington Avenue North in Minneapolis, M.W. was able to contact Fagre–Stroetz at her home in Eden Prairie. After an October 2003 meeting in which Fagre–Stroetz promised to communicate, M.W. agreed to have Fagre–Stroetz continue to represent her. Fagre–Stroetz gave M.W. her cell phone number. In the following weeks M.W. was unable to contact Fagre–Stroetz at her home or office, or via the cell phone number. M.W. sent a letter to Fagre–Stroetz's home address, informing Fagre–Stroetz that M.W. had been unable to contact her and asking Fagre–Stroetz to return her client file. Fagre–Stroetz did not respond.

M.W. filed a complaint with the director's office on November 7, 2003. A notice of investigation was sent to Fagre–Stroetz's Washington Avenue office. M.W. was able to reach Fagre–Stroetz in December 2003 and asked Fagre–Stroetz to continue to represent her. Fagre–Stroetz indicated that she could not do so because

---

1. Rule 13(b), Rules on Lawyers Professional Responsibility (RLPR), states, "If the respondent fails to file an answer [to a petition for disciplinary action] within the time provided or any extension of time this Court may grant, the allegations shall be deemed admitted and this Court may proceed under Rule 15." Rule 15(a), RLPR, describes the dispositional options available, including suspension for an indefinite or stated period of time.

of the complaint M.W. had filed, and M.W. agreed to withdraw the complaint. Fagre–Stroetz effectively saw M.W.'s divorce through to finalization in May 2004. But M.W. was not able to contact Fagre–Stroetz concerning several post-dissolution matters. M.W. has had no contact with Fagre–Stroetz since August 2004, despite numerous calls to Fagre–Stroetz's various numbers.

The director contends that Fagre–Stroetz's conduct in the M.W. matter constitutes neglect of a client matter in violation of the rules requiring a lawyer to be reasonably diligent[2] and to effectively communicate with a client.[3]

*Unauthorized practice of law while suspended*

Fagre–Stroetz failed to pay her attorney registration fee when it was due April 1, 2004, automatically resulting in suspension.[4] On September 7, 2004, Fagre–Stroetz appeared on behalf of a client for a hearing in Ramsey County before Referee William H. Muske, Jr., who informed her that she was fee suspended and could not appear.[5] The matter was continued to allow the client to obtain new counsel.

The director reports that Fagre–Stroetz has neither paid her fee nor responded to the director's request for an affidavit concerning her practice of law since she was fee suspended. The director maintains that Fagre–Stroetz's practice of law while fee suspended constitutes a violation of the rule prohibiting the unauthorized practice of law.[6]

*Noncooperation*

The director's allegation of noncooperation against Fagre–Stroetz relates to the investigation of the M.W. complaint. The director asserts that Fagre–Stroetz failed to respond in writing, as required, to both the notice of investigation issued in response to M.W.'s November 7, 2003, complaint and a followup letter sent by the district ethics committee (DEC) investigator assigned to the matter. Fagre–Stroetz sent a fax and mailed a letter to the DEC investigator on December 19, 2003, stating that M.W. wished to withdraw the complaint and therefore Fagre–Stroetz need not respond. The investigator called Fagre–Stroetz the same day and left a message stating that M.W. was not permitted to withdraw the complaint and that Fagre–Stroetz still must respond in writing. Fagre–Stroetz did not respond to the call or to two subsequent letters sent by the investigator.[7]

Fagre–Stroetz did not appear at a March 31, 2004, hearing before an investigative review committee on the complaint. Fagre–Stroetz did not respond to the director's June 16, 2004, letter sent to Fagre–Stroetz's Washington Avenue office requesting, within seven days, a written response to the complaint and explanation for her noncooperation. A second such request, sent to her home on July 26, 2004,

---

2. Minn. R. Prof. Conduct 1.3.

3. Minn. R. Prof. Conduct 1.4, 14 Minn.Stat. 1386 (2004) (amended June 17, 2005, eff. Oct. 1, 2005).

4. Rule 3, Rules of the Supreme Court for Registration of Attorneys.

5. Rule 3, Rules of the Supreme Court for the Registration of Attorneys, states, in relevant part, that "[i]t shall be the duty of each member of the judiciary to enjoin persons from

appearing and practicing in his court whose failure to register has come to the attention of such court."

6. Minn. R. Prof. Conduct 5.5, 14 Minn.Stat. 1424 (2004) (amended June 17, 2005, eff. Oct. 1, 2005).

7. The investigator's three letters were sent to Fagre–Stroetz's Washington Avenue office on December 12, 2003, December 22, 2003, and January 6, 2004.

also produced no response from Fagre–Stroetz. Further efforts by the director to evoke a response from Fagre–Stroetz—by phone and letter to her Eden Prairie home on August 5, 2004, and by certified mail to her home on September 8, 2004—were unsuccessful.[8] Fagre–Stroetz did not attend either of two meetings scheduled by the director. But she sent notification of a change of home address when she moved from Eden Prairie to Stacy, Minnesota, subsequent to the director's issuance of charges of unprofessional conduct.

The director asserts that Fagre–Stroetz's noncooperation in the investigation of the M.W. matter violated the rules prohibiting a lawyer from knowingly failing to respond to a disciplinary authority's demand for information in connection with a disciplinary matter,[9] and requiring a lawyer to cooperate with a disciplinary investigation.[10]

■ Because Fagre–Stroetz failed to answer the petition, we deemed the director's allegations admitted and asked the parties to propose discipline to be imposed. The director recommended indefinite suspension with no right to seek reinstatement for one year. Fagre–Stroetz did not respond, nor did she appear at oral argument.

■ The purposes of imposing sanctions on attorneys found to have committed misconduct are to protect the public, to protect the judicial system, and to deter future misconduct. In re Oberhauser, 679 N.W.2d 153, 159 (Minn.2004) (citing In re Daffer, 344 N.W.2d 382, 385 (Minn.1984)). In determining the appropriate sanction to impose, we consider the nature of the misconduct, the cumulative weight of the violations of the rules of professional conduct, the harm to the public, and the harm to the legal profession. Id. at 159 (citing In re Singer, 541 N.W.2d 313, 316 (Minn. 1996)). Although each case is decided individually on its facts, other discipline cases provide guidance in determining the appropriate sanction. In re Geiger, 621 N.W.2d 16, 23 (Minn.2001).

In In re McCabe, we found that a lawyer's neglect of two client matters, along with his noncooperation with the ensuing investigation, merited indefinite suspension. 591 N.W.2d 723, 725 (Minn.1999) (finding also that the attorney failed to inform his clients that he had abandoned his practice and failed to return client files). We noted that "an attorney's pattern of neglect, lack of communication, and failure to cooperate with the disciplinary investigation or proceedings typically warrants an indefinite suspension." Id.; see also In re Crissey, 645 N.W.2d 141, 144 (Minn.2002) (imposing indefinite suspension where lawyer neglected a client matter, failed to communicate, charged an unreasonable fee, failed to return unearned fees, failed to return client property, and did not fully cooperate).

■ We have also held that "[a]n attorney who is fee suspended is not authorized to practice law or to in any other manner hold themselves out as qualified or authorized to practice law while in default." In re Lallier, 555 N.W.2d 903, 905 (Minn. 1996). Fagre–Stroetz's attempted appearance at a hearing in September 2004 constituted the unauthorized practice of law in violation of Rule 5.5, RLPR. Further, in

---

8. On September 13, 2004, Fagre–Stroetz signed the receipt for the September 8, 2004, letter sent by certified mail.

9. Minn. R. Prof. Conduct 8.1(a)(3), 14 Minn. Stat. 1432 (2004) (amended June 17, 2005, eff. Oct. 1, 2005).

10. Rule 25, RLPR, 14 Minn.Stat. 1462 (2004) (amended Aug. 10, 2005, eff. Sept. 1, 2005).

achieving resolution of M.W.'s divorce proceeding, it seems likely that Fagre–Stroetz practiced in April and May 2004, after her fee suspension. A fee-suspended lawyer is "subject to all the penalties and remedies provided by law for the unauthorized practice of law." Rule 3, Rules of the Supreme Court for Registration of Attorneys.

We have imposed a variety of sanctions on lawyers who practiced while fee suspended, depending on accompanying misconduct and/or noncooperation in the disciplinary process. *See, e.g., In re DuFresne,* 640 N.W.2d 337, 337–39 (Minn.2002) (publicly reprimanding and ordering supervised probation for a lawyer who practiced while fee suspended, neglected multiple client matters, and made misrepresentations to clients about the status of their matters, but who entered a stipulated disciplinary recommendation); *In re Wertz,* 442 N.W.2d 781, 782 (Minn.1989) (imposing a 90–day suspension for practicing while fee suspended and on CLE restricted status).

■ Further, failure to cooperate with a disciplinary investigation is viewed as an independent violation of the professional conduct rules and provides potential grounds for discipline on its own. *In re Brooks,* 696 N.W.2d 84, 88 (Minn. 2005). Failure to respond to a notice of investigation constitutes failure to cooperate with disciplinary authorities. *In re Westby,* 639 N.W.2d 358, 369 (Minn.2002). Fagre–Stroetz's failure to appropriately respond at any stage of the disciplinary proceedings constitutes a violation of the professional responsibility rules requiring participation and our holding in *In re Cartwright,* 282 N.W.2d 548, 552 (Minn. 1979). We have said that "[w]hen an attorney commits misconduct and then refuses to cooperate with the ensuing investigation, indefinite suspension is 'a reasonable and necessary sanction, especially where respondent has offered no evidence of mitigating circumstances.'"

*In re Danielson,* 620 N.W.2d 718, 720 (Minn.2001) (quoting *In re Kinnunen,* 502 N.W.2d 773, 775 (Minn.1993)).

The cumulative gravity of Fagre–Stroetz's misconduct can be compared with that presented in *In re Jensen,* which involved a lawyer who neglected two client matters, failed to cooperate with disciplinary proceedings, and practiced law while fee suspended. 418 N.W.2d 721 (Minn. 1988). We imposed indefinite suspension and prohibited Jensen from petitioning for reinstatement for one year. *Id.* at 723.

■ Finally, we consider both aggravating and mitigating circumstances in making a disciplinary determination. *Oberhauser,* 679 N.W.2d at 159 (citing *In re Koss,* 611 N.W.2d 14, 16 (Minn.2000)). Fagre–Stroetz's substantial failure to participate in the disciplinary process means we have no information that could explain or mitigate the charges of neglect and noncommunication. That Fagre–Stroetz seemingly represented M.W. diligently from December 2003 to May 2004 could be mitigating as we consider disciplinary options. But her failure to resolve M.W.'s post-dissolution issues indicates that the representation was ultimately ineffective. Public confidence in legal professionals is critical to the continued efficacy of legal representation, and neglect and noncommunication by a lawyer undermines that trust.

■ We also find aggravating circumstances based on the previous discipline imposed on Fagre–Stroetz. In February 1994, she was admonished for failure to communicate with a client, failure to inform a client of her withdrawal from representation, and failure to perform further work on a client case file. In September 1998, she was admonished for failing to promptly return client documents. In January 2000, she was placed on private probation for failing to diligently pursue a

client matter, failing to communicate with a client, and failing to attend a court hearing, which resulted in a client's case being dismissed, then making misrepresentations to the client to cover up the dismissal. The two private admonitions and the private probation previously imposed on Fagre–Stroetz for neglect of client matters and noncommunication add gravity to the misconduct described in the current petition. Repetition of misconduct for which an attorney has already been disciplined merits a more severe sanction. *Brooks*, 696 N.W.2d at 88. The director notes that the one-year minimum was imposed on Jensen even though he, unlike Fagre–Stroetz, had no prior disciplinary history. 418 N.W.2d at 723.

Based on the record before us, we conclude that Fagre–Stroetz engaged in serious misconduct warranting discipline. Accordingly, we order that Vicki Lynn Fagre–Stroetz:

1. Be indefinitely suspended from the practice of law pursuant to Rule 15(a)(2), RLPR, with no right to apply for reinstatement for one year from the date of this decision;

2. Comply with the requirements of Rule 18, RLPR, should Fagre–Stroetz apply for reinstatement; and

3. Pay to the director $900 for costs and disbursements pursuant to Rule 24, RLPR.

So ordered.

GILDEA, J., not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.