In re Petition for DISCIPLINARY AC-
TION AGAINST Joel Anthony
FRANKLIN, a Minnesota Attorney,
Registration No. 271627.

No. A06–1457.

Supreme Court of Minnesota.

Jan. 11, 2007.

## ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Joel Anthony Franklin committed professional misconduct warranting public discipline, namely, that while on a two-year private probation for neglect of client matters, failure to communicate with clients, and failure to cooperate with the Director's investigation, respondent neglected and failed to adequately communicate with three additional clients, failed to return client documents and file materials, and failed to cooperate with the Director's investigation of additional client complaints, in violation of Minn. R. Prof. Conduct 1.3, 1.4, 1.16, and 8.1(b).

Respondent admits his conduct violated the Rules of Professional Conduct, waives his rights under Rule 14, Rules on Lawyers Professional Responsibility (RLPR), and has entered into a stipulation with the Director wherein they jointly recommend that the appropriate discipline is a 90–day suspension from the practice of law, to be effective 14 days from the date of filing of the court's suspension order. The parties also stipulate that the reinstatement hearing provided for by Rule 18, RLPR, is an express condition of respondent's reinstatement, and that upon reinstatement respondent shall be placed on two years supervised probation.

This court has independently reviewed the file. Because the misconduct to which respondent has admitted occurred while respondent was on probation and because

respondent again failed to cooperate with the Director's investigation, we deem the stipulated 90–day suspension insufficient to adequately protect the public. *See In re Olson*, 545 N.W.2d 35 (Minn.1996) (suspension for two years for neglect of two client matters and failure to cooperate with the Director); *In re Kinnunen*, 502 N.W.2d 773 (Minn.1993) (suspension for 18 months for neglect of a single client matter, failure to communicate, and failure to cooperate with the Director). We therefore suspend respondent indefinitely with no right to apply for reinstatement for a minimum of one year. In addition, we order respondent to immediately return all client files and materials to the respective clients or to substitute counsel (if any), to the extent respondent has not already done so. Because we suspend respondent indefinitely and require him to petition for reinstatement, respondent need not provide the Director with names of potential supervisors within two weeks of the filing of this order; respondent may submit such names with his petition for reinstatement.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that respondent Joel Anthony Franklin is indefinitely suspended from the practice of law, with no right to petition for reinstatement for a minimum of one year. Respondent's suspension shall be effective 14 days from the date of filing of this order. The reinstatement hearing provided for in Rule 18, RLPR, is not waived. Reinstatement is further conditioned upon successful completion of the professional responsibility portion of the state bar examination and on satisfaction of continuing legal education requirements pursuant to Rule 18(e), RLPR. Upon reinstatement, respondent shall be subject to two years' supervised probation under such conditions as this court may impose after considering the recommendations of the panel hearing the petition for reinstatement. Respondent shall provide the Director with the names of potential supervisors at such time as he petitions for reinstatement. Respondent shall immediately return all client files and materials to the respective clients or to substitute counsel (if any), to the extent respondent has not already done so. Respondent shall pay costs in the amount of $900 plus disbursements in the amount of $55, pursuant to Rule 24(d), RLPR, and shall comply with Rule 26, RLPR (requiring notice of suspension to clients, tribunals, and opposing counsel).

BY THE COURT:

/s/ Helen M. Meyer

Associate Justice